UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN GOODA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILED: APRIL 29, 2008<br>08CV2454 NF<br>JUDGE DARRAH<br>MAGISTRATE JUDGE COLE |

## COMPLAINT

NOW COMES the Plaintiff, JONATHAN GOODA. ("Gooda"), an Illinois resident, by and through his attorneys, Mudd Law Offices, and complains of the Defendant, JOHN DOE ("Defendant" or "Defendant Doe" or "JOHN DOE"), the true name and capacity of whom is unknown at this time, upon personal information as to his own activities and upon information and belief as to the activities of others and all other matters, and states as follows:

### NATURE OF ACTION

1.　　This is an action for violation of the Electronic Communications Privacy Act (18 U.S.C. § 2510, et seq.), the Computer Fraud and Abuse Act (18 U.S.C. § 1030), and the Stored Communications Act (18 U.S.C. § 2701, et seq.) as well as for defamation, invasion of Gooda's privacy, false light, and other related torts arising from the wrongful conduct of Defendant Doe. In this action, Gooda seeks compensatory and exemplary damages, statutory damages, punitive damages, attorney's fees and costs, and injunctive relief.

### PARTIES

2.　　JONATHAN GOODA is a citizen and resident of Illinois residing in Arlington Heights, Illinois.

3. JOHN DOE is an unknown person. The true name and capacity of this Defendant is unknown to Gooda at this time. Gooda believes that information obtained in discovery will lead to the identification of JOHN DOE'S true name, residence, and citizenship.

## JURISDICTION AND VENUE

4. This matter presents federal questions arising under United States statutes. This Court has jurisdiction over such federal questions pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331, and 18 U.S.C. §§ 1030, 2520, and 2701.

5. This Court has supplemental jurisdiction over the subject matter of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has jurisdiction over JOHN DOE because, upon information and belief, he has sufficient contacts with the State of Illinois to warrant exercising general and specific personal jurisdiction over him.[1]

7. Venue is proper pursuant to 28 U.S.C. § 1391 because JOHN DOE is subject to personal jurisdiction in this district and, without knowing the true identity of JOHN DOE, no other more appropriate district exists in which this action may be brought and be as convenient to both parties.

8. An actual case or controversy has arisen between the parties. Defendant Doe has violated federal statutes, defamed Gooda, placed Gooda in a false light, and engaged in other wrongful conduct.

9. Gooda has been injured by Defendant Doe's conduct and has suffered damages resulting therefrom.

## FACTUAL BACKGROUND

---

[1] The use of the pronouns "he" and "him" or the pronominal adjective "his" has been for convenience.

Illinois ARDC: 6257957

10.	This action involves Defendant Doe's unauthorized access to Gooda's electronic accounts, the modification of said accounts to bar Gooda's access thereto, and the use of said accounts to impersonate Gooda by sending electronic mail communications to third parties purporting to be from Gooda.

**The Facebook Profile**

11.	Around September or October of 2007, Gooda created a profile on the social networking website Facebook with the name "Jongooda" ("Facebook Profile").

12.	Gooda created the Facebook Profile to communicate with friends and family in the United Kingdom.

13.	On February 5, 2008, Gooda could not log into his Facebook Profile.

14.	The electronic mail ("email") address associated with the Facebook Profile had been changed from Gooda's email address to jongooda@yahoo.com (the "Yahoo! Email Address").

15.	Gooda did not create the Yahoo! Email Address.

16.	Gooda has never owned or used the Yahoo! Email Address.

17.	Additionally, a photograph of Gooda had been uploaded to the Facebook Profile without Gooda's authorization or knowledge.

18.	Additionally, the relationship status on Gooda's Facebook Profile had been changed from "single" to "open relationship."

19.	Upon information and belief, Defendant Doe obtained unauthorized access to Gooda's Facebook Profile.

20.	Upon information and belief, Defendant Doe changed the email address associated with the Facebook Profile without Gooda's authorization or knowledge.

Illinois ARDC: 6257957

21. Upon information and belief, Defendant Doe uploaded a photograph of Gooda to the Facebook Profile without Gooda's authorization or knowledge.

22. Upon information and belief, Defendant Doe changed the relationship status on Gooda's Facebook Profile from "single" to "open relationship" without Gooda's authorization or knowledge.

23. On February 5, 2008, Gooda contacted Facebook to explain the unauthorized changes to his Facebook Profile.

24. Gooda then learned that the security question associated with the Facebook Profile had been changed.

25. Upon information and belief, Defendant Doe changed the security question associated with Gooda's Facebook Profile.

26. Gooda learned that the Facebook representative could send a new password to the email address associated with the Facebook Profile.

27. The Facebook representative sent new passwords to the email address associated with the Facebook Profile.

28. Gooda did not receive the new passwords because they had been sent to the Yahoo! Email Address that Gooda could not access.

29. On the same day, Facebook, Inc. disabled access to the Facebook Profile.

30. On February 7, 2008, Facebook's Privacy Team deleted Gooda's Facebook Profile and the associated account.

**The "Jon Gooda" Profile**

31. On March 2, 2008, a new profile appeared on Facebook with the name "Jon Gooda" ("Jon Gooda Profile").

32. The Jon Gooda Profile displayed a photograph of Gooda that had been posted without his permission or authorization.

33. The Jon Gooda Profile displayed Gooda's date of birth without his permission or authorization.

34. Upon information and belief, Defendant Doe created the Jon Gooda Profile.

35. Upon information and belief, Defendant Doe posted a photograph of Gooda to the Jon Gooda Profile without Gooda's authorization or permission.

36. Upon information and belief, Defendant Doe caused the Jon Gooda Profile to display Gooda's date of birth without Gooda's authorization or permission.

37. Defendant Doe drafted and sent at least five messages from the Jon Gooda Profile to other Facebook users ("Jon Gooda Messages").

38. In sending the Jon Gooda Messages from the Jon Gooda Profile, Defendant Doe impersonated and purported to be Gooda.

39. Four of the Jon Gooda Messages referenced a gay personals' website (the "Website") and contained a link to Gooda's profile on the Website.

40. Defendant Doe sent the fifth Jon Gooda Message to Charlotte Parnell ("Parnell Message"), the girlfriend of Gooda's best friend, Richard Scott.

41. The Parnell Message falsely insinuated that the relationship between Gooda and Richard Scott was not strictly platonic.

42. Richard Scott engaged in correspondence with Defendant Doe via the Jon Gooda Profile in an effort to determine Defendant Doe's true identity.

43. Charlotte Parnell also engaged in correspondence with Defendant Doe via the Jon Gooda Profile in an effort to determine the true identity of Defendant Doe,

Illinois ARDC: 6257957

44. In one communication between Defendant Doe and Charlotte Parnell, Defendant Doe told Charlotte Parnell to "keep guessing" his identity.

45. Defendant Doe also stated that he would continue to impersonate Gooda on Facebook and possibly other online *fora*.

46. On March 3, 2008, the Facebook Privacy Team deleted the Jon Gooda Profile.

### The "Phillips" Profile

47. On March 12, 2008, Richard Scott received a message from someone, presumably Defendant Doe, via a Facebook profile with the name "Andy Phillips" (the "Phillips Profile").

48. The message received by Richard Scott from the Phillips Profile contained an apology for previous messages sent.

49. Gooda has a former work colleague named Andy Phillips who was linked to Gooda on Gooda's original Facebook Profile.

50. Andy Phillips did not create the Phillips Profile.

51. On March 12, 2008, Facebook deleted the Phillips Profile.

### Harm Suffered by Gooda

52. The foregoing wrongful conduct has caused Gooda to suffer harm including, but not limited to, the invasion of his privacy, embarrassment and humiliation.

53. Upon information and belief, Defendant Doe intends to continue his wrongful conduct and to continue to harass, embarrass, and humiliate Gooda.

54. Because Defendant Doe obviously has access to Gooda's personal information, Gooda constantly worries that John Doe will post further, more private information concerning him to Facebook or other online *fora*.

Illinois ARDC: 6257957

## CLAIMS FOR RELIEF

### COUNT ONE
### AND AS FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT
### VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT
### (18 U.S.C. § 2510 et seq.)

55.　　The allegations in Paragraphs 1 through 54 above are incorporated by reference in this First Count as though fully restated herein.

56.　　Defendant Doe obtained unauthorized access to Gooda's Facebook Profile.

57.　　Gooda's Facebook Profile contained electronic communications.

58.　　Upon information and belief, Defendant Doe intentionally intercepted or endeavored to intercept Gooda's electronic communications in the Facebook Profile.

59.　　Upon information and belief, Defendant Doe intentionally used or endeavored to use the contents of Gooda's electronic communications in the Facebook Profile knowing that the information was obtained through the interception of the electronic communications.

60.　　Additionally, Defendant Doe intended to intercept electronic communications intended for Gooda by creating the Jon Gooda Profile.

61.　　Upon information and belief, Defendant intentionally intercepted electronic communications meant for Gooda through the Jon Gooda Profile.

62.　　Additionally, Defendant Doe intended to intercept electronic communications intended for Gooda by creating the Yahoo! Email Address.

63.　　Upon information and belief, Defendant Doe intentionally intercepted electronic communications meant for Gooda through the Yahoo! Email Address.

64.　　Upon information and belief, Defendant Doe intentionally intercepted electronic communications meant for Gooda including, but not limited to, electronic communications sent

7

by Facebook intended for Gooda.

65. As a direct and proximate result of the foregoing conduct of Defendant Doe, Gooda has suffered and continues to suffer damages.

66. Gooda has suffered and continues to suffer damages including, but not limited to, invasion of his privacy, embarrassment, harmed reputation, and the costs and expenses of pursuing his remedies.

67. By engaging in the foregoing conduct, Defendant Doe violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, et seq.

68. Defendant Doe violated the ECPA on more than one day. In particular, upon information and belief, Defendant Doe violated the ECPA for each day that he accessed the Facebook Profile, for each day that the Jon Gooda Profile remained active, and each day that the Yahoo! Email Address remained active.

69. WHEREFORE, Gooda seeks recovery of:

    A. The greater of actual or statutory damages as provided for pursuant to 18 U.S.C. § 2520 (b)(2) and (c)(2);

    B. Punitive damages pursuant to 18 U.S.C. § 2520 (b)(2);

    C. Reasonable attorney's fees and costs reasonably incurred pursuant to 18 U.S.C. § 2520(b)(3); and,

    D. Equitable relief pursuant to 18 U.S.C. § 2520 (b)(1).

Illinois ARDC: 6257957

# COUNT TWO
## AND AS FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT
## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
## (18 U.S.C. § 1030)

70. The allegations in Paragraphs 1 through 54 above are incorporated by reference in this Second Count as though fully restated herein.

71. Defendant Doe obtained unauthorized access to Gooda's Facebook Profile.

72. By doing so, Defendant Doe intentionally accessed Facebook's computer(s) without authorization.

73. Facebook's computers are used in interstate and/or foreign commerce or communications.

74. Facebook's computers are "protected computers" as defined by 18 U.S.C. § 1030(e)(2).

75. By engaging in the foregoing conduct, Defendant Doe either recklessly caused or caused damage to Gooda.

76. Defendant Doe caused Gooda to suffer damages including, but not limited to, the loss of privacy.

77. As a result of the foregoing conduct, Gooda has suffered losses aggregating in at least $5,000 in value.

78. In particular, but not exclusively, the loss of Gooda's privacy, in addition to the loss in value of time Gooda has been forced to spend as a result of Defendant's conduct and the loss in the amount of attorney's fees and expenses paid, exceeds $5,000.00.

79. Defendant Doe's conduct may cause Gooda to suffer additional damages not yet realized.

80. By engaging in the foregoing conduct, Defendant Doe violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

81. As a result of the foregoing conduct by Defendant Doe, Gooda is entitled to economic damages pursuant to 18 U.S.C. § 1030(g).

82. WHEREFORE, Gooda seeks recovery of economic damages pursuant to 18 U.S.C. § 1030(g).

## COUNT THREE
## AND AS FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT
## VIOLATION OF THE STORED COMMUNICATIONS ACT
## (18 U.S.C. § 2701 et seq.)

83. The allegations in Paragraphs 1 through 54 above are incorporated by reference in this Third Count as if fully restated herein.

84. Facebook, Inc. provides electronic communication services through its website www.facebook.com, the hosting of Facebook profiles, and the provision of services to such profiles.

85. Facebook, Inc. uses facilities to provide these services.

86. Defendant Doe obtained unauthorized access to Gooda's Facebook Profile.

87. By doing so, Defendant Doe intentionally accessed without authorization Facebook, Inc.'s facilities through which it provides electronic communication services.

88. Upon obtaining unauthorized access to the Facebook Profile, Defendant Doe obtained unauthorized access to electronic communications in storage in Facebook, Inc.'s system.

89. Defendant Doe modified the Facebook Profile to prevent authorized access to the Facebook Profile by Gooda.

Illinois ARDC: 6257957

90. By doing so, Defendant Doe prevented authorized access to electronic communications in storage in Facebook, Inc.'s system.

91. Defendant Doe created the Jon Gooda Profile to impersonate Gooda.

92. Defendant Doe did, in fact, impersonate Gooda through the Jon Gooda Profile.

93. By doing so, Defendant Doe intentionally exceeded any authorized access to Facebook's facilities.

94. Through the Jon Gooda Profile, Defendant Doe obtained unauthorized access to electronic communications in storage in Facebook, Inc.'s system.

95. Defendant Doe willfully and intentionally engaged in the foregoing conduct.

96. Alternatively, if Defendant Doe did not act willfully and intentionally, Defendant Doe knowingly engaged in the foregoing conduct.

97. As a direct and proximate result of the foregoing conduct of Defendant Doe, Gooda has suffered and continues to suffer damages.

98. Gooda has suffered and continues to suffer damages including, but not limited to, invasion of his privacy, embarrassment, harmed reputation, and the costs and expenses of pursuing his remedies.

99. By engaging in the foregoing conduct, Defendant Doe violated the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, et seq.

100. WHEREFORE, Gooda seeks recovery of:

Illinois ARDC: 6257957

    A.    Actual damages as provided for pursuant to 18 U.S.C. § 2707;

    B.    Punitive damages pursuant to 18 U.S.C. § 2707; and

    C.    Reasonable attorney's fees and costs reasonably incurred pursuant to 18 U.S.C. § 2707.

## COUNT FOUR
## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT
## PUBLIC DISCLOSURE OF PRIVATE FACTS

101. Gooda hereby incorporates by reference paragraphs 1 through 54 above in this Fourth Count as though fully set forth herein.

102. By publishing Gooda's date of birth without his permission, Defendant Doe disclosed private facts about Gooda without his authorization.

103. By providing a link to the Website to third parties, Defendant Doe disclosed private facts about Gooda without his authorization.

104. These private facts concerned the private life of Gooda and contained personally identifiable information about Gooda.

105. The public disclosure of these private facts represents an intrusion upon the privacy of Gooda that is objectionable and offensive to a reasonable person.

106. Gooda's date of birth and involvement with the Website were not of any legitimate public concern.

107. The public disclosure of private facts has caused and continues to cause Gooda to suffer harm including, but not limited to, embarrassment and invasion of his privacy.

108. WHEREFORE, Gooda seeks recovery of general compensatory damages, punitive damages, and attorney's fees and costs resulting from Defendant Doe's public

Illinois ARDC: 6257957

disclosure of private facts.

# COUNT FIVE
## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT
## INTRUSION UPON SECLUSION

109. Gooda hereby incorporates by reference paragraphs 1 through 54 above in this Fifth Count as though fully set forth herein.

110. Defendant Doe made unauthorized intrusions upon Gooda's privacy and seclusion when he obtained unauthorized access to Gooda's Facebook Profile, created the Jon Gooda Account, and posted Gooda's photograph, date of birth, and a link to the Website on the various Facebook profiles.

111. Gooda's photograph, date of birth, and involvement with the Website all constituted and still constitute private matters upon which Defendant Doe intruded.

112. Defendant Doe made an additional intrusion upon Gooda's seclusion when he used Gooda's name to register for the Yahoo! Account.

113. In making such intrusions upon Gooda's seclusion, Defendant Doe acted with actual malice.

114. Defendant Doe's intrusions upon Gooda's seclusion caused and continue to cause Gooda embarrassment.

115. Gooda has suffered and continues to suffer damages as a result of Defendant Doe's intrusions upon his seclusion including, but not limited to, embarrassment, invasion of his privacy, and emotional distress.

116. WHEREFORE, Gooda seeks recovery of general compensatory damages, punitive damages, and attorney's fees and costs resulting from Defendant Doe's intrusions upon

his seclusion.

## COUNT SIX
## AND AS FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANT
## DEFAMATION

117.    The allegations in Paragraphs 1 through 54 above are incorporated by reference in this Sixth Count as though fully restated herein.

118.    In the messages sent from the Jon Gooda Profile, Defendant Doe published communications to a third party that contained false and defamatory statements.

119.    Specifically, these false and defamatory statements claimed that Gooda was having an intimate relationship with his friend, Richard Scott.

120.    Defendant Doe published the foregoing false and defamatory statement to a third party via the Internet.

121.    Upon information and belief, Defendant Doe has published additional false and defamatory statements to other parties via the Internet.

122.    Persons other than Gooda and the Defendant Doe would have and actually have reasonably understood that the false and defamatory statements were about Gooda.  Indeed, Defendant Doe intended to make it look as though the false and defamatory statements were from Gooda himself.

123.    Defendant Doe made the false and defamatory statements with actual malice knowing the falsity of the statements and their inferences, implications, and innuendo; knowing the impact the statements would make on Gooda's friendships and relationships; knowing the harm and embarrassment that would occur to Gooda and his friends; and intending to cause Gooda harm.

Illinois ARDC: 6257957

124. The false and defamatory statements constituted unprivileged publication of the defamatory statements by Defendant Doe to third parties.

125. As a result of Defendant Doe's conduct and the publication of the false and defamatory statements, Gooda has suffered actual damages including, but not limited to, embarrassment and humiliation.

126. WHEREFORE, Gooda seeks recovery of compensatory damages, punitive damages, attorney's fees, and costs resulting from Defendant Doe's defamation.

## COUNT SEVEN
## AS AND FOR AN SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT
## INJUNCTIVE RELIEF

127. The allegations in Paragraphs 1 through 126 above are incorporated by reference in this Seventh Count as if fully restated herein.

128. Gooda possesses a clearly ascertainable right or protectable interest to prevent others from impersonating him online and sending messages of a personal nature to third parties.

129. Gooda has suffered and will continue to suffer irreparable harm if this Court does not enjoin the Defendant Doe because Gooda's life will be disrupted if Defendant Doe continues to engage in intentional tortious conduct.

130. Gooda will suffer irreparable harm in the absence of injunctive relief. In contrast, Defendant Doe will suffer no harm because Defendant Doe has no legal right to intentionally impersonate Gooda or engage in other deceptive and unlawful practices.

131. Gooda can clearly demonstrate some likelihood of success on the merits of his claims.

132. Mere compensation at law can only possibly provide Gooda with compensation

for injuries up to the present.

133. It remains difficult if not impossible to calculate the damages arising from the Defendant Doe's wrongful conduct.

134. Gooda therefore has an inadequate remedy at law.

135. The public interest will not be harmed if an injunction is granted.

136. WHEREFORE, Gooda seeks a temporary and permanent injunction enjoining Defendant Doe from impersonating him online, posting pictures or information about him online without his permission or authorization, or communicating statements known to be false through online fora.

## **GENERAL**

137. Where conditions precedent are alleged, Gooda avers that all conditions precedent have been performed or have occurred.

138. Gooda demands a jury trial.

Illinois ARDC: 6257957

**PRAYER FOR RELIEF**

WHEREFORE, JONATHAN GOODA accordingly and respectfully prays for judgment against JOHN DOE as follows:

1. That JONATHAN GOODA be awarded actual and compensatory damages in an amount to be determined at trial;

2. That JONATHAN GOODA be awarded statutory damages in an amount to be determined at trial;

3. That JONATHAN GOODA be awarded punitive damages in an amount to be determined at trial;

4. That JONATHAN GOODA be awarded his attorney's fees and costs in this action;

5. That the Court enter judgment in favor of JONATHAN GOODA according to the equitable and injunctive relief sought; and,

Illinois ARDC: 6257957

6. That JONATHAN GOODA be awarded any such other and further relief as this Court may deem just and proper or to which JONATHAN GOODA may be entitled as a matter of law or equity.

Dated: Chicago, Illinois
April ____, 2008

PLAINTIFF,
JONATHAN GOODA.

_____
By: His Attorney
   Charles Lee Mudd Jr.
   Mudd Law Offices
   3114 West Irving Park Road
   Suite 1W
   Chicago, Illinois  60618
   (773) 588-5410
   Cook County Attorney No.: 38666
   Illinois ARDC: 6257957
   cmudd@muddlawoffices.com

18

Illinois ARDC: 6257957

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN GOODA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| JOHN DOE, ) | |
| ) | |
| Defendant. ) | |

**JURY DEMAND**

Jonathan Gooda demands trial by jury.

s/ Charles Lee Mudd Jr.<br>Charles Lee Mudd Jr.