UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN GOODA, | ) | |
| | ) | No.   08 CV 2454 |
| Plaintiff, | ) | |
| | ) | JUDGE DARRAH |
| v. | ) | |
| | ) | MAGISTRATE JUDGE COLE |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY AND PRESERVE ELECTRONIC EVIDENCE**

NOW COMES Plaintiff Jonathan Gooda ("Mr. Gooda"), by and through his attorneys, and respectfully submits his Motion for Leave to Take Expedited Discovery and Preserve Electronic Evidence ("Motion"). In support of his Motion, Mr. Gooda states as follows:

1.   Mr. Gooda filed this lawsuit on April 29, 2008.

2.   As alleged in the complaint filed in the above-captioned litigation ("Complaint"), Defendant John Doe ("Defendant Doe") has, among other wrongful conduct, gained unauthorized access to Mr. Gooda's Facebook Account; created a Yahoo! Email Address in Mr. Gooda's name; created Facebook Accounts in Mr. Gooda's name; distributed personal information about Mr. Gooda without his permission; published defamatory remarks about Mr. Gooda; and contacted Mr. Gooda's friends claiming to be Mr. Gooda (collectively, the "Wrongful Conduct"). See Complaint ¶¶ 14-17, 20-22, 30-39, 40-41.

3.   By this motion, Mr. Gooda seeks an order granting him leave to take expedited discovery to obtain identifying information about Defendant Doe including, but not limited to, the Internet Protocol ("IP") addresses Defendant Doe used when engaging in the Wrongful

Conduct.

## Expedited Discovery and Good Cause

4. Rule 26(d) of the Federal Rules of Civil Procedure states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless "authorized under these rules or by order or agreement of the parties." F.R.C.P. 26(d). Here, Mr. Gooda moves this Court to allow expedited discovery pursuant to the discretion provided the Court under Rule 26(d). Id.

5. There is a scarcity of law in the Seventh Circuit discussing the applicable standard for a court to employ when evaluating a request for expedited discovery. Sheridan v. Oak Street Mortgage, 244 F.R.D. 520, 522 (E.D. Wisc. 2007).

6. In Sheridan v. Oak Street Mortgage, the court adopted a "good cause" standard that requires the party moving for expedited discovery to show good cause in order to obtain discovery prior to a Rule 26(f) conference. Id. In Sheridan, the court held that the plaintiff was essentially precluded from engaging in a Rule 26(f) conference because the defendant was in default. Id. It held that this constituted "good cause" to pursue expedited discovery. Id.

7. Mr. Gooda can meet the Sheridan "good cause" standard. Like the plaintiff in Sheridan, Mr. Gooda cannot engage in a Rule 26(f) conference because he does not know the identity of Defendant Doe. Without Defendant Doe's identity, Mr. Gooda cannot have Defendant Doe served or engage in a Rule 26(f) conference. In fact, Mr. Gooda will be unable to proceed with his case. Without expedited discovery, Mr. Gooda will almost certainly be unable to determine the identity of Defendant Doe. Consequently, Mr. Gooda has good cause to be allowed to proceed with expedited discovery. See id.

8. Additionally, there exists a risk that the relevant electronic evidence in possession

of third parties (e.g. Facebook, Inc. and Yahoo!, Inc.) may be altered, erased, or destroyed. As much of the evidence in this action will be electronic in nature, and third parties may at some point, if they have not already, purge electronic storage of data containing the relevant evidence, the expedited discovery sought by Mr. Gooda is all the more necessary to accommodate the interests of justice by ensuring the preservation of the relevant electronic evidence. This too constitutes good cause for allowing expedited discovery.

9. Finally, absent an ability to identify Defendant Doe and pursue his rights, Mr. Gooda fears that Defendant Doe will continue to impersonate him online and engage in other tortious conduct intending to harm Mr. Gooda.

**Preservation of Evidence and Notice to Defendant Doe**

10. Mr. Gooda also seeks leave to initiate expedited discovery without providing notice at this juncture to Defendant Doe through the various pseudonyms and accounts at issue in the Complaint. For, Mr. Gooda fears that, should Defendant Doe receive notice of the litigation and intent to obtain expedited discovery prior to an Order allowing expedited discovery, Defendant Doe may destroy evidence related to his conduct. Indeed, Mr. Gooda fears that Defendant Doe may contact the relevant third parties (e.g. Yahoo!, Inc.) to destroy evidence and/or cancel his accounts and memberships.

11. To protect against the possibility of Defendant Doe destroying relevant evidence and provide Defendant Doe with proper notice, this Court should order the third parties upon which Mr. Gooda serves subpoenas to (a) preserve any and all responsive information sought by the subpoena until either disclosure has been made to Mr. Gooda or further order of this Court and (b) inform Mr. Gooda that the responsive information has been preserved.

12. Upon receiving notice that the responsive information has been preserved by all

of the subpoenaed third parties, Mr. Gooda will provide notice to Defendant Doe through his known pseudonyms and accounts.

13. The foregoing approach will provide fairness to all involved. Mr. Gooda will be able to ensure the preservation of relevant evidence. Upon Mr. Gooda having obtained confirmation of such preservation by the subpoenaed third parties, Defendant Doe will receive notice of the litigation, expedited discovery, and subpoenas. Mr. Gooda will also obtain the necessary evidence to identify Defendant Doe and proceed in pursuing his claims against Defendant Doe.

14. In addition to having shown good cause, the foregoing approach ensures fairness to all involved. Consequently, Mr. Gooda's motion for expedited discovery should be granted. See Lamar v. Hammel, No. 08-02-MJR-CJP, 2008 U.S. Dist. LEXIS 9774, *7 (S.D. Ill. 2008).

15. For the foregoing reasons, Mr. Gooda requests that the Court (a) allow expedited discovery to proceed with respect to third parties likely to have information tending to identify Defendant Doe; (b) order the subpoenaed third parties to preserve any and all responsive information pending disclosure of such information to Mr. Gooda or further order of the Court; (c) order the subpoenaed third parties to provide notice to Mr. Gooda's counsel that the responsive information has been preserved; and, (d) order Mr. Gooda to provide notice to Defendant Doe through known pseudonyms and accounts of the litigation and expedited discovery subsequent to obtaining notice from all subpoenaed third parties that responsive information has been obtained.

WHEREFORE, Plaintiff Jonathan Gooda moves this Court to grant his Motion for Leave to Take Expedited Discovery and Preservation of Evidence and thereby (a) allow Mr. Gooda to proceed with expedited discovery with respect to third parties likely to have information tending to identify Defendant Doe; (b) order subpoenaed third parties to preserve any and all responsive information pending disclosure of such information to Mr. Gooda or further order of the Court; (c) order the subpoenaed third parties to provide notice to Mr. Gooda's counsel that the responsive information had been preserved; and, (d) order Mr. Gooda to provide notice to Defendant Doe through known pseudonyms and accounts of the litigation and expedited discovery subsequent to having obtained notice from all subpoenaed third parties that responsive information has been preserved.

Dated: May 14. 2008
      Chicago, Illinois

      Respectfully submitted,

      PLAINTIFF,
      JONATHAN GOODA

By <u>s/Sophie Marie Dye</u>
    By: His Attorney
    Sophie Dye
    Mudd Law Offices
    3114 West Irving Park Road, Suite 1W
    Chicago, Illinois 60618
    (773) 588-5410 Phone / (773) 588-5440 Fax
    Illinois ARDC: 6292754
    sdye@muddlawoffices.com

## **CERTIFICATE OF SERVICE**

This is to certify that service of this **PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY AND PRESERVE EVIDENCE** was accomplished pursuant to Electronic Case Filing as to ECF Users and shall be served upon other parties having filed appearances via postage pre-paid U.S. mail on the 14th day of May, 2008.

    No other parties have filed an appearance at this time.

        s/Sophie Marie Dye
        Sophie Dye

Sophie Dye
Mudd Law Offices
3114 W. Irving Park Rd., Suite 1W
Chicago, Illinois  60618
(773) 588-5410 Phone
(773) 588-5440 Fax
ARDC: 6292754

Dated: May 14, 2008
       Chicago, Illinois